*So Ordered this 8th day of March, 2011*

*[signature]*
*U.S. Bank Judge*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Cindy L. Thompson<br><br>            Debtor. | Bankruptcy Number: 10-34402<br><br>Chapter 13<br><br>Judge R. Kimball Mosier |

## MEMORANDUM DECISION

This matter came before the court on the March 8, 2011 on two separate motions filed by the Debtor, Cindy L. Thompson (Thompson) which seek an award of sanctions against Lynn Wardley and Wardley Corporation. Thompson appeared on behalf of herself *pro se*, and was accompanied by attorney Delano S. Findlay. John Anderson appeared on behalf of Lynn E. Wardley (Wardley). Pursuant to Federal Rule of Bankruptcy Procedure 7042 and in the interest of judicial economy, the Court consolidated the hearings on Thompsons's two motions for sanctions and now treats the two motions for sanctions as a consolidated contested matter for purpose of this ruling.

The Court incorporates the record created at the hearing as a part of the finding and conclusions herein. At the hearing, argument was presented with respect to both alleged



violations of the automatic stay. One of the representations made by Thompson was that she experienced damages arising from violation of the automatic stay that total $360.00 in the form of lost wages.

Thompson argued that she should be compensated for attorney fees incurred as a result of the violations of the automatic stay, however Thompson provided the Court with no information to quantify the attorney fees incurred, nor did Thompson allege that she had actually paid attorney fees. The Court notes that although Delano S. Findlay accompanied Thompson to the hearing of March 8, 2011, Mr. Findlay has never made an appearance in this bankruptcy proceeding.

Counsel for Wardley conceded that a technical violation of the automatic stay occurred with respect to the motion for sanctions filed by Thompson on January 24, 2011 and that an award of $360.00 to compensate Thompson for lost wages was appropriate.

With respect to the motion for sanctions filed by Thompson on February 10, 2011, Wardley argued that the Court previously addressed the question of whether or not Wardley's actions to seek attorney fees under Bankruptcy Code Section 303(i)(1) constituted a violation of the automatic stay and ruled that Wardley's actions under § 303(i)(1) did not constitute a violation of the automatic stay.

With respect to the demand for punitive damages, Bankruptcy Code Section 362(k)(1) provides that in appropriate circumstances, the court may award punitive damages. Given the facts and circumstances alleged by Thompson and the response offered by Wardley, the Court is unable to find conduct that warrants punitive damages. As a rule, punitive damages are to be awarded only when the defendant's conduct is shown to be motivated by evil motive or intent, or

when it involves reckless or callous indifference to the rights of others. The focus must be on whether the defendant's actions call for deterrence and punishment over and above that provided by compensatory awards. Punitive damages serve a broader function than compensatory damages, they are aimed at deterrence and retribution. *Youren v. Tintic School District*, 343 F.3d 1296, 1308 (10th Cir. 2003). Given the facts and circumstances of the case and the absence of any evidence to support punitive damages, an award of punitive damages is unwarranted.

------------------------------------------END OF DOCUMENT------------------------------------------